| AUSA: | Jasmine Moore | Telephone: | (313) 226-9100 |
|---|---|---|---|
| Special Agent: | Erin Hughes | Telephone: | (313) 226-0500 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Isaac HARDER MARTENS

Case No. 
Case: 2:23−mj−30019
Assigned To : Unassigned
Assign. Date : 1/19/2023
Description: RE: ISAAC HARDER MARTENS (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 17, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554(a) | Smuggling good from the United States |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent  Erin Hughes - Homeland Security
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __January 19, 2023__

_Judge's signature_

City and state: __Detroit, Michigan__    Honorable David R. Grand,  U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT AFFIDAVIT

I, Erin Hughes, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with Homeland Security Investigations (HSI) assigned to Detroit, Michigan, Office of Investigations and have been so employed since April of 2022. From 2009 until my appointment as a Special Agent, I performed uniformed law enforcement duties as a United States Border Patrol Agent.  I have successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center located in Glynco, Georgia. I have investigated a variety of criminal matters including violations of Federal firearms laws.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including communications with others who have personal knowledge of the events and circumstances described herein, oral and written reports about this investigation which your affiant received, directly or indirectly from law enforcement personnel, information gained through my training and experience.

3. The information set forth below is for the limited purpose of establishing probable cause and does not contain all of the details or all of the facts which exist pertaining to this investigation.

4. This affidavit is provided in support of an application for a complaint and arrest warrant for Isaac HARDER MARTENS, DOB: XX/XX/2000. Affiant believes that HARDER MARTENS violated 18 U.S.C. § 554(a) for exporting items contrary to 22 U.S.C. § 2778, to wit silencers, and 50 U.S.C. § 1705, to wit firearms and ammunition, which makes it a crime for a person to fraudulently or knowingly export or send from the United States, or attempt to export or send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, or receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

## INVESTIGATION & PROBABLE CAUSE

5. On January 17, 2023, at approximately 2:30 p.m., Customs and Border Protection Officers (CBPOs), were conducting outbound passenger enforcement operations at the Detroit Ambassador Bridge when they encountered a beige Chevrolet Silverado bearing Alberta plate #CJZ6885

traveling in the Canada only lanes.  The vehicle was operated by Isaac HARDER MARTENS who is a citizen of Mexico.  CBPOs obtained a negative oral declaration from both occupants of the vehicle for any weapons/firearms currency, over $10,000.00 or any drugs.  HARDER MARTENS declared that he had $5,000.00 in his jacket pocket.  CBPOs conducted a 7-point inspection of the vehicle, at which time they discovered a briefcase containing a Girsan Regard MC 9mm firearm concealed underneath the hood compartment of the vehicle.  In the same location, officers also found a suspected large silver silencer, a short black silencer, and three 9mm ammunition boxes containing 130 rounds of ammunition.

6. Further inspection of the vehicle revealed a Bersa Thunder .380 firearm (serial # L45137) in the back seat of the vehicle, beneath the occupant's luggage. In the front passenger-side quarter panel, officers recovered a Ruger SR .22LR firearm (serial #367-A3023) containing 10 rounds of .22LR ammo.  Additionally, two commercially sealed packages containing two Ruger .22LR extended magazines each (four magazines in total), and two rifle magazines containing 61 rounds of .223 were discovered underneath the backseat.

7. On January 17, 2023, at approximately 6:23 p.m., I was present during an interview of HARDER MARTENS. Prior to the interview, HARDER MARTENS was advised of and waived his Miranda rights. The rights were given to HARDER MARTENS in the English language. HARDER MARTENS signed the HSI rights form. The following is a non-verbatim synopsis of the interview:

    a. HARDER MARTENS stated he and his wife traveled via their Chevy Silverado from Ontario, Canada to vacation in Cancun, Mexico and then Chihuahua, Mexico with family. HARDER MARTENS crossed back into the United States thru the El Paso, Yselta, Texas on January 13, 2023, with a B-2, Temporary Visitor for Pleasure/Tourism Visa.

    b. HARDER MARTENS was given two (2) silencers from a friend, "Sheto," while visiting family in Chihuahua, Mexico. HARDER MARTENS stated that he wanted the silencers for target shooting in Canada so he wouldn't frighten anyone with the sounds of gun fire.

    c. HARDER MARTENS purchased two (2) firearms from a friend, "Ramon," in Elkhart, KS. HARDER MARTENS paid $1250.00 for the Girsan Regard MC (SN: T6368-22A12967)

4

(recovered from under the hood of the car), and $550.00 for the Ruger SR 22 (SN: 367A3023) (recovered from the rear passenger side quarter panel).  HARDER MARTENS paid for both firearms in cash.

d. HARDER MARTENS also obtained three (3) .380 handguns from "Ramon" for a friend he knew from his childhood in Mexico, "Dave." HARDER MARTENS transported the firearms to Dave in Seminole, TX.  HARDER MARTENS transferred two (2) of the .380s, but forgot to provide Dave with the third .380, Bersa Thunder (SN: L45137) (which was recovered by agents in the car under some luggage).

e. HARDER MARTENS stated that he wanted to purchase the Girsan Regard MC handgun because he liked the gold-plated pistol and wanted it to become a family heirloom to pass on to his children.  HARDER MARTENS stated "Ramon" added in the ammunition and magazines as a packaged deal with the purchase of the Ruger SR 22.

f. HARDER MARTENS described placing the Girsan Regard MC handgun, two silencers, and 9mm ammunition in the

5

   engine compartment of his vehicle to transport back to Ontario, Canada.

  g. HARDER MARTENS described placing the Ruger SR 22 in the front passenger-side quarter panel of his vehicle for transport back to Ontario, Canada.

  h. HARDER MARTENS stated that he concealed the firearms, silencer and ammunition in the manner which it was hidden because he knew it was wrong.

8. Pursuant to 22 U.S.C. § 2778, a silencer is defined as a defense article under 22 C.F.R. § 121.1(e) on the United States Munitions List.

9. Pursuant to 50 U.S.C. § 1705, firearms and ammunition are items that HARDER MARTENS was required to first obtain required authorization from the Secretary of Treasury or Commerce to export from the United States in violation of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774, as these items are listed on the Commerce Control List.

10. Based on the above facts, affiant believes there is probable cause to believe that on or about January 17, 2023, in the County of Wayne, Eastern District of Michigan, Isaac HARDER MARTENS did knowingly violate 18 U.S.C. § 554(a) for attempting to export items contrary to 22 U.S.C. § 2778 and 50 U.S.C. § 1705.

Respectfully submitted,

Erin Hughes, Special Agent
Homeland Security Investigations

Sworn to before me and signed in my presence
and/or by reliable electronic means

HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Date: January 19, 2023

7